Christopher D. Banys (State Bar No. 230038)
**BANYS, P.C.**
567 Marsh Street
San Luis Obispo, California 93401
Telephone: (650) 308-8505
Email: cdb@banyspc.com

Stephen R. Risley
(To Be Admitted Pro Hac Vice)
Georgia Bar No.606545
**KENT & RISLEY LLC**
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-2101
Email: steverisley@kentrisley.com
Cortney S. Alexander
(To Be Admitted Pro Hac Vice)
**KENT & RISLEY LLC**
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 855-3867
Email: cortneyalexander@kentrisley.com

Attorneys for Declaratory Judgment Defendant
Zipit Wireless, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Declaratory Judgment Plaintiff, <br><br> v. <br><br> ZIPIT WIRELESS, INC., <br><br> Declaratory Judgment Defendant. | Case No. 5:20-cv-4448-EJD <br><br> **DEFENDANT ZIPIT WIRELESS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Date: December 10, 2020 <br> Time: 9:00 a.m. <br> Courtroom: 4, 5th floor <br> Judge: Hon. Edward J. Davila |

**Table of Contents**

I. INTRODUCTION AND BACKGROUND ........................................................................ 1
II. LEGAL STANDARD ........................................................................................................ 3
III. APPLE'S SOLE RELIANCE ON THE PARTIES' LICENSING NEGOTIATIONS FAILS TO ESTABLISH PERSONAL JURISDICTION ........................................................ 4
IV. CONCLUSION .................................................................................................................. 8

# Table of Authorities

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
　689 F.3d 1358 (Fed. Cir. 2012)……………………..……………………..3, 4

*Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,
　480 U.S. 102 (1987)………………………………………………..…………………4

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
　566 F.3d 1012 (Fed. Cir. 2009)……………………………………………………3, 5

*Autonomy, Inc. v. Adiscov, LLC*,
　No. 11-420 SBA, 2011 U.S. Dist. LEXIS 60400 (N.D. Cal. Jun. 3, 2011)……………..5

*Burger King Corp. v. Rudzewicz*,
　471 U.S. 462 (1985)………………………………………………………………..4

*Celgard, LLC v. SK Innovation Co., Ltd.*,
　792 F.3d 1373 (Fed. Cir. 2015)……………………………………………………3

*Conwed Corp. v. Nortene*,
　404 F.Supp. 497 (D. Minn. 1975)……………………...…………………………..5, 6

*Cray Inc. v. Raytheon Co.*,
　179 F.Supp. 3d 977 (W.D. Wa. 2016)………………………………….……….7

*Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*,
　89 F.3d 519 (8th Cir. 1996)……………………………………………………...…5

*Freedom Innovations, LLC v. Chas A. Blatchford & Sons, Ltd.*,
　No. 2:14-cv-1028-RCJ-CWH, 2014 U.S. Dist. LEXIS 146994 (D. Nev. Oct. 15, 2014)…7

*General Electric Co. v. Univ. of Va. Patent Found.*,
　No. 14-C-1529, 2015 U.S. Dist. LEXIS 33474 (E.D. Wis. Mar. 18, 2015)……………..6

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
　148 F.3d 1355 (Fed. Cir. 1998)……………………………………………3, 4, 5, 7

*Smugmug, Inc. v. Virtual Photo Store LLC*,
　No. 09-2255 CW, 2009 U.S. Dist. LEXIS 112400 (N.D. Cal. Nov. 16, 2009)………....7

*Square, Inc. v. Morales*,
　No. 13-1431 SBA, 2013 U.S. Dist. LEXIS 169301 (N.D. Ca. Nov. 27, 2013)……………7

*Washington Scientific Indus., Inc. v. Polan Indus., Inc.*,
　302 F.Supp. 1354 (D. Minn. 1969)……………………………………………...…6

*World-Wide Volkswagen Corp. v. Woodson*,
　444 U.S. 286 (1980)……………………………………………………………..3, 5

**Statutes and Rules**

Fed. R. Civ. P. 12……………………………………………………………………………1, 3

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Zipit Wireless, Inc. ("Zipit") respectfully submits this motion to dismiss Apple Inc.'s Complaint for Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 7,292,870 and 7,894,837 for lack of personal jurisdiction

## I.   INTRODUCTION AND BACKGROUND

Zipit is a Delaware corporation with its principal place of business in Greenville, South Carolina. Ex. A-1, Greer Decl. ¶4. Zipit currently has 14 employees, all 14 of whom are located in South Carolina. *Id*. at ¶5. Zipit's CEO, Frank Greer, and Vice President of Business Development, Ralph Heredia, are named inventors on the patents that are the subject of Apple Inc.'s motion for declaratory relief and have information relevant to this litigation. *Id*. at ¶¶3, 5, 6. Both Mr. Greer and Mr. Heredia live in the Greenville, South Carolina area. *Id*. at ¶9.

Zipit has no physical presence, employees, or records of any kind in California. *Id.* at ¶10. Zipit is (i) not registered to do business in California; (ii) has no registered agent for service of process in California; (iii) has never owned, leased, possessed, or maintained any real or personal property in California; (iv) has no inventory of products in California; (v) has no employees or sales representatives, distributors, brokers, wholesalers, or agents in California; (vi) has no bank accounts in California; and (vii) is not listed in a telephone directory in California. *Id.* at ¶11. Prior to Apple's lawsuit, Zipit has never filed a lawsuit in California, or even been party to a lawsuit in California, whether in state or federal court. *Id.* at ¶12.

The only facts Apple alleges in support of its assertion that this Court may exercise personal jurisdiction over Zipit regarding Apple's declaratory judgment ("DJ") action relate to the parties' past licensing negotiations:

> 14. Zipit has consciously and purposefully directed activities at Apple, a company that resides and operates in this District. As previously described, Apple and Zipit had extensive pre-suit communications regarding the Zipit Patents over the course of several years. Zipit also came to the District for an

in-person meeting at Apple's facilities in Cupertino to discuss the Zipit Patents. Throughout, Zipit maintained that Apple required a license to the Zipit Patents. Zipit purposefully directed these activities relating to the Zipit Patents at Apple in this District, and this action arises out of and directly relates to Zipit's contacts with Apple in this District.

15. In doing so, Zipit has established sufficient minimum contacts with the Northern District of California such that Zipit is subject to specific personal jurisdiction in this action. The exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice.

Dkt. 1 at ¶¶14-15.

The correspondence Apple references shows that the parties engaged in these communications, including the in-person meeting, for the express purpose of understanding each other's positions and attempting to resolve their disputes out of court. However, while Zipit was willing to engage with Apple in an effort to resolve its disputes, it was <u>not</u> willing to enter into a patent-licensing agreement with Apple governed by California law. Indeed, Apple provided Zipit a draft license agreement that included a provision stating that "the relationship between the Parties" would be "determined, in accordance with the laws of California" and that "[e]ach Party irrevocably agrees, consents and submits to jurisdiction and venue in the federal and state courts located within Santa Clara County, California, with respect to any dispute arising out of or relating in any way to this Agreement." Ex. A, Risley Declaration at ¶ 3. This draft provision expressly waived "all defenses based upon *forum non conveniens*, improper venue, or personal jurisdiction." *Id.* Zipit, however, rejected this provision and changed it from California to Delaware as the choice of law, venue, and personal jurisdiction. *Id.* at ¶ 4. Apple never subsequently changed that provision from Delaware back to California. *Id.* at ¶ 5. Apple also never objected to that change. *Id.* at ¶ 6.

Zipit's settlement discussions with Apple do not give rise to personal jurisdiction over Zipit regarding Apple's claims for declaratory relief. Indeed, courts have recognized that to exercise personal jurisdiction based on a defendant's pre-suit settlement efforts would undermine public policy in favor of dispute resolution. In fact, it would encourage accused patent infringers to set jurisdictional traps by inviting patent owners into their preferred venue under the guise of settlement discussions.

## II.     LEGAL STANDARD

Federal Circuit law governs personal jurisdiction in declaratory judgment actions involving patentees as defendants. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). Because California's long-arm statute is coextensive with the bounds permissible under the United States Constitution, the relevant inquiry is whether the exercise of personal jurisdiction over Zipit would offend Constitutional Due Process. *Id.*

The Due Process inquiry examines whether the defendant "established 'minimum contacts' with [the forum state], 'such that [it] should reasonably anticipate being haled into Court there.'" *Id*. at 1358-59 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The burden is on the plaintiff to establish that the Court has personal jurisdiction over the defendant. *See Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015). On a motion to dismiss under Rule 12(b)(2), where the parties have not undertaken jurisdictional discovery, the plaintiff must make a prima facie showing that the defendants are subject to personal jurisdiction in the forum. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Courts accept only uncontroverted jurisdictional allegations in the complaint as true and are not required to credit conclusory allegations. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012). When a defendant provides declarations refuting jurisdictional allegations in a complaint, the court cannot accept "bare formulaic accusation[s]" in the pleading; the burden is on the plaintiff to

submit declarations or other evidence sufficient to create a factual dispute regarding the foreign defendant's forum-state contacts. *Id.* at 1365.

### III.   APPLE'S SOLE RELIANCE ON THE PARTIES' LICENSING NEGOTIATIONS FAILS TO ESTABLISH PERSONAL JURISDICTION

Apple's personal-jurisdiction allegations are grounded in two factual assertions: (1) "Apple and Zipit had extensive pre-suit communications regarding the Zipit Patents over the course of several years"; and (2) "Zipit also came to the District for an in-person meeting at Apple's facilities in Cupertino to discuss the Zipit Patents." Dkt. 1 at ¶14. These allegations are insufficient to establish personal jurisdiction over Zipit in the Northern District of California.

First, Apple describes the parties' pre-suit communications as "encompass[ing] the exchange of many rounds of correspondence about the Zipit Patents." Dkt. 1 at ¶4. The Federal Circuit has plainly held that such contacts (e.g., cease-and-desist letters and/or licensing offers) are insufficient to establish personal jurisdiction under the Due Process inquiry; finding otherwise would "defeat the reasonableness of jurisdiction under the "concept of 'fair play and substantial justice.'" *Red Wing Shoe*, 148 F.3d at 1360 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985)). "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. . . . . Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness." *Red Wing Shoe*, 148 F.3d at 1361 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 121-122 (1987) (Stevens, J., concurring in judgment)).

The Federal Circuit further explained that "[a]n offer to license is more closely akin to an offer for settlement of a disputed claim rather than an arms-length negotiation in anticipation of a long-term continuing business relationship." *Red Wing Shoe*, 148 F.3d at 1361. Thus, finding personal jurisdiction based on such offers to license would "be contrary to fair play and substantial justice by providing disincentives for the initiation of settlement

negotiations." *Id*. The public interest in fostering settlement "invokes one of the considerations enumerated by the Supreme Court for the second prong of a proper Due Process analysis, namely, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 292); *see also Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 524 (8th Cir. 1996) ("Courts have hesitated to use unsuccessful settlement discussions as 'contacts' for jurisdictional purposes.")). Accordingly, Federal Circuit precedent forecloses personal jurisdiction based on the correspondence between Apple and Zipit regarding potential licensing.

Apple's reliance on an in-person meeting between the parties' representatives in 2015 at Apple's Cupertino headquarters is likewise misplaced. Courts have held that in-person settlement discussions within the forum do not establish personal jurisdiction for reasons similar to those recounted by the Federal Circuit in *Red Wing Shoe*. For example, in *Autogenomics*, the Federal Circuit found that the DJ defendant's licensing negotiations with the DJ plaintiff located in the Central District of California, including an in-person meeting in California, did not give rise to personal jurisdiction over the plaintiff's claims for declaratory judgment of noninfringement and invalidity. 566 F.3d at 1014-15, 1017, 1019. That was true even though the DJ defendant had also, *inter alia*, entered into non-exclusive licenses with about ten California companies for the relevant technology, entered into a joint venture with a California company, attended conferences in California, and sold products to a California company. *Id.* at 1015-16.

Similarly, in *Autonomy, Inc. v. Adiscov, LLC*, No. 11-420 SBA, 2011 U.S. Dist. LEXIS 60400, at *10 (N.D. Cal. Jun. 3, 2011) (Armstrong, J.), the patentee's meeting at the office of plaintiff's counsel in Palo Alto to discuss potential settlement did not give rise to personal jurisdiction over the patentee regarding plaintiff's DJ claims.[1] Likewise, in *Conwed*

---

[1] *Autonomy* also rejected the DJ plaintiff's argument that the patentee's lawsuits against California-based companies in other venues outside California supported personal jurisdiction in California. *Id.* at *11.

*Corp. v. Nortene*, the district court rejected the plaintiff's argument that the parties' in-person settlement meeting within the forum and related correspondence established personal jurisdiction. 404 F.Supp. 497, 504 (D. Minn. 1975). The court noted that "the policy favoring compromise is closely related to the courts' traditional aversion to 'jurisdictional traps.'" *Id.* With this principle in mind, the court held that it would be contrary to fair play and substantial justice to hold the DJ defendant "subject to the jurisdiction of Minnesota courts merely because it participated in a meeting in Minnesota which was designed to work out problems which had arisen in a matter which otherwise would not have subjected [the defendant] to that jurisdiction." *Id.* at 505 (quoting *Washington Scientific Indus., Inc. v. Polan Indus., Inc.*, 302 F.Supp. 1354, 1358 (D. Minn. 1969)).

Another district court reached the same conclusion in *General Electric Co. v. Univ. of Va. Patent Found.*, No. 14-C-1529, 2015 U.S. Dist. LEXIS 33474 (E.D. Wis. Mar. 18, 2015). In that case, after the parties settled a first patent-infringement action in Virginia, the patent owner sent GE a letter offering to license certain patents. GE responded from one of its facilities in Wisconsin, after which the parties "had several written, telephonic, and in-person discussions" regarding potential settlement and licensing. *Id.* at *5-*6. When the parties failed to reach an agreement, GE filed a DJ suit against the patent owner in Wisconsin. GE asserted that personal jurisdiction was appropriate because, "[d]uring a span of over six years, [patent owner] or its representatives have engaged in at least four in-person visits to Wisconsin – two in connection with depositions of GE's [Magnetic Resonance] employees in the first action, and two in connection with attempts to enforce the '268 and '644 patents in the present action – as well as the exchange of written and telephonic correspondence with GE's MR employees." *Id.* at *9.

The court found these meetings and correspondence insufficient to establish personal jurisdiction because "'[a] patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of

ZIPIT WIRELESS, INC.'S MOTION TO DISMISS                    6                    CASE NO. 5:20-CV-4448-EJD

fairness.'" *Id.* at *12-*13 (quoting *Red Wing Shoe*, 148 F.3d at 1360-61). Because the parties' settlement discussions, including the in-person meetings in the forum, did not culminate in an agreement creating an affirmative obligation on the part of the patent owner in the forum state (e.g., an exclusive license agreement), they did not permit the court to exercise personal jurisdiction over the patent owner. *General Electric*, 2015 U.S. Dist. LEXIS 33474, at *14; *see also Cray Inc. v. Raytheon Co.*, 179 F.Supp. 3d 977, 985 (W.D. Wa. 2016) (finding no personal jurisdiction over patentee based on licensing communications to DJ plaintiff and an in-person licensing meeting with DJ plaintiff in forum); *Freedom Innovations, LLC v. Chas A. Blatchford & Sons, Ltd.*, No. 2:14-cv-1028-RCJ-CWH, 2014 U.S. Dist. LEXIS 146994, at *9 (D. Nev. Oct. 15, 2014) ("The [licensing] meeting in Las Vegas (i.e., within the forum) alone cannot be the basis for personal jurisdiction in this declaratory judgment action"); *Square, Inc. v. Morales*, No. 13-1431 SBA, 2013 U.S. Dist. LEXIS 169301, at *16 (Armstrong, J.) (N.D. Ca. Nov. 27, 2013) (finding that patentee's correspondence and attempt to meet in person with DJ plaintiff's counsel in San Francisco did not support personal jurisdiction); *Smugmug, Inc. v. Virtual Photo Store LLC*, No. 09-2255 CW, 2009 U.S. Dist. LEXIS 112400, at *10 (N.D. Cal. Nov. 16, 2009) (DJ defendant's efforts to arrange in-person meetings with California companies to discuss licensing offer did not support personal jurisdiction).

For the same reasons stated by the courts in *Conwed* and *Univ. of Va. Patent Found.*, the in-person licensing discussion between Apple and Zipit does not give rise to personal jurisdiction over Zipit in the Northern District of California. That is particularly true given that even in the parties' licensing discussions, Zipit made clear that it would not agree to jurisdiction in California. Ex. A, Risley Declaration at ¶¶ 3-6. To hold otherwise would be to incentivize the very "jurisdictional traps" that *Conwed* warned against, thereby discouraging patent owners from attempting to resolve disputes with infringers in good faith. This would not only violate Constitutional Due Process but also run contrary to public policy encouraging settlement.

It would be particularly unreasonable to force Zipit to litigate Apple's DJ claim in

ZIPIT WIRELESS, INC.'S MOTION TO DISMISS    7    CASE NO. 5:20-CV-4448-EJD

California given the burden on Zipit, a small South Carolina-based company, in litigating in California. All of Zipit's 14 employees are located in South Carolina. Zipit's CEO and Vice President of Business Development are inventors of the subject patents and they possess information relevant to the litigation. Ex. A-1, Greer Decl. ¶¶3, 5-9, 13-14. It would be significantly more burdensome for Mr. Greer and Mr. Heredia, leaders of Zipit's management team, to litigate this case in California than in Zipit's home state of South Carolina due to the added expense of travel and time away from work. *Id.* at ¶14.

IV.  **CONCLUSION**

For the foregoing reasons, Zipit respectfully requests that the Court dismiss Apple's complaint for lack of personal jurisdiction.

Dated: October 26, 2020

Respectfully submitted,

By: /s/ *Christopher D. Banys*
Christopher D. Banys

BANYS, P.C.
Christopher D. Banys (State Bar No. 230038)
567 Marsh Street
San Luis Obispo, California 93401
Telephone:  (650) 308-8505
Email: cdb@banyspc.com

Stephen R. Risley
(To Be Admitted Pro Hac Vice)
KENT & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 585-2101
Email: steverisley@kentrisley.com
Cortney S. Alexander
(To Be Admitted Pro Hac Vice)
KENT & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA 30022
Telephone: (404) 855-3867
Email: cortneyalexander@kentrisley.com

Attorneys for Declaratory Judgment Defendant Zipit Wireless, Inc.