UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZIPIT WIRELESS, INC.,<br><br>　　　　　Defendant. | Case No. 5:20-cv-04448-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Before the Court is Defendant Zipit Wireless, Inc.'s ("Zipit") motion to dismiss Apple Inc.'s ("Apple") complaint for declaratory judgment of non-infringement for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Def.'s Mot. to Dismiss, Dkt. No. 21 ("Motion"). The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court GRANTS Zipit's motion to dismiss.

## I.    Background

Apple is a California corporation with its principal place of business in Cupertino, California.[1] Complaint ("Compl.") ¶ 8, Dkt. No. 1. Zipit is a Delaware corporation with its principal place of business in Greenville, South Carolina, and has "no physical presence, employees, or records of any kind in California." *Id*. ¶ 9; Declaration of Frank Greer ("Greer Decl."), Dkt. No. 21-1, Ex. 1 ¶ 10. Apple brings this action seeking a declaratory judgment of non-infringement of two patents, U.S. Patent Nos. 7,292,870 ("the '870 patent") and 7,894,837 ("the

---

[1] This statement and all those contained within the "Background" section summarize allegations made by one or more of the parties.

1   '837 patent") (collectively, the "Zipit Patents"). Compl. ¶ 1. The action arises from a longstanding

2   dispute between Apple and Zipit involving allegations that Apple has infringed the Zipit Patents.

3   *Id.* ¶ 4. From approximately 2013 to 2016, the parties engaged in extensive out-of-court

4   negotiations to settle the status of the Zipit Patents. *Id.*; Pl.'s Resp. to Motion, Dkt. No. 24, p. 3.

5   The negotiations included an "exchange of many rounds of correspondence," Zipit sending

6   infringement notice letters and claim charts to Apple, and two in-person meetings between Zipit

7   and Apple representatives at Apple's California offices. *Id*. Ultimately, the negotiations failed to

8   reach a resolution as to whether or not Apple was indeed infringing on the Zipit Patents. Compl. ¶

9   5.

10       In June of 2020, Zipit filed suit against Apple in the Northern District of Georgia,

11   accusing Apple of infringing upon the Zipit Patents. Compl. ¶ 2; *see also Zipit Wireless, Inc., v.*

12   *Apple Inc.*, Civil Action No. 1:20-cv-02488-ELR (N.D. Ga.). However, Zipit voluntarily

13   dismissed its litigation against Apple without prejudice two weeks after filing the action. Compl. ¶

14   3. Apple now asserts that Zipit's past conduct has produced a justiciable immediate controversy

15   with Zipit and has initiated the present suit seeking a judicial declaration that it has not infringed

16   upon the Zipit Patents. *Id.* ¶¶ 6–7.

17       Zipit filed the present motion, seeking to dismiss Apple's complaint arguing that this Court

18   lacks personal jurisdiction over Zipit. Motion, p.1. Apple filed an opposition to the motion, to

19   which Zipit then replied. Pl.'s Resp. to Motion, Dkt. No. 24; Def.'s Reply, Dkt. No. 29.

20   **II.   Legal Standard**

21       Federal Rule of Civil Procedure 12(b)(2) allows a party to file a motion to dismiss when

22   there is a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Federal Circuit law governs a

23   district court's inquiry into whether it may properly exercise personal jurisdiction over an out-of-

24   state defendant in a patent case. *See Nuance Commc'ns., Inc. v. Abbyy Software House,* 626 F.3d

25   1222, 1230 (Fed. Cir. 2010); *see also Hildebrand v. Steck Manufacturing Co., Inc.,* 279 F.3d 1351,

26   1354 (Fed. Cir. 2002) (Federal Circuit law governs personal jurisdiction inquiries in declaratory

27   judgment actions where the defendant is patentee). Where the parties have not conducted

28   Case No.: 5:20-cv-04448-EJD
ORDER GRANTING MOTION TO DISMISS

2

United States District Court
Northern District of California

discovery, a plaintiff need only make a prima facie showing that the defendants are subject to personal jurisdiction. *See Silent Drive, Inc., v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). The district court must construe all pleadings and affidavits in the light most favorable to the plaintiff and resolve any factual conflicts in the affidavits in the plaintiff's favor. *See Elecs. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003).

When making a determination as to whether a district court may exert jurisdiction over an out-of-state defendant, a court may make "two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)). "California's long-arm statute permits service of process to the full extent allowed by the due process clauses of the United States Constitution." *Xilinx,* 848 F.3d at 1353 (citing *Elecs. For Imaging,* F.3d at 1349; Cal. Civ. Proc. Code § 410.10). As such, "the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Xilinx,* 848 F.3d at 1353 (quoting *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed. Cir. 2001)).

The exercise of jurisdiction over non-resident defendants violates due process unless those defendants have "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

**III. Discussion**

Zipit moves for dismissal of Apple's complaint arguing that it would be unreasonable for this Court to exercise specific personal jurisdiction over Zipit in this district.[2] Motion, p. 4–5.

---

[2] Apple does not contend that Zipit is subject to general jurisdiction in this forum. Accordingly, the Court only considers whether the Court has specific jurisdiction over Zipit.

Case No.: 5:20-cv-04448-EJD
ORDER GRANTING MOTION TO DISMISS
3

Apple asserts that the Motion should not be granted, because Zipit's correspondence with Apple and its in-person meetings at Apple's offices in Cupertino are sufficient for this Court to establish specific personal jurisdiction over Zipit. Pl.'s Resp. to Motion, Dkt. No. 24, p. 2. When analyzing specific personal jurisdiction, the courts follow a "three-factor test: (1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Xilinx,* 848 F.3d at 1353 (quoting *Inamed,* 249 F.3d at 1360). "The first two factors correspond with the 'minimum contacts' prong of the . . . analysis and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis". *Id*.

### A. Whether Zipit Purposefully Directed Its Activities at Residents of the Forum, and Whether the Claim Arises Out of or Relates to Those Activities

The first two factors require the Court to determine whether the defendant purposefully directed its activities at residents of the forum, and whether the claim arises out of or relates to those activities. *See Xilinx*, 848 F.3d at 1353. With respect to the first factor, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). As to the second factor, "the court must determine whether 'the suit aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Id*. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011)). The plaintiff has the burden of establishing these two factors. *See Elecs. for Imaging,* 340 F.3d at 1350.

Furthermore, when the plaintiff is bringing a declaratory judgment for non-infringement, the claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). "The relevant inquiry for specific personal jurisdiction then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those

activities.'" *Id.* (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)). "A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts 'relate in some material way to the enforcement or the defense of the patent.'" *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (quoting *Avocent*, 552 F.3d at 1336).

The Federal Circuit "has acknowledged that the defendant purposefully directs his activities at residents of the forum when the defendant sends a cease-and-desist letter to a potential plaintiff in that particular forum. And a subsequent declaratory judgment action by that potential plaintiff 'arises out of or relates to' the defendant's activity — namely, the cease-and-desist letter." *New World Int'l., Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017) (quoting *Inamed,* 249 F.3d at 1360). In *Xilinx,* the court found that the defendant "purposefully directed its activities to California when it sent multiple notice letters to [the plaintiff] and traveled there to discuss [the plaintiff's] alleged patent infringement and potential licensing arrangements." *Xilinx*, 848 F.3d at 1354. Here, Zipit has engaged in very similar conduct as the defendant in *Xilinx* including sending multiple letters and claim charts accusing Apple of patent infringement and also traveling to Apple's offices in California to discuss these accusations. *See id*. By doing so, Zipit has directed its activities to California and met the minimum contacts prong. Moreover, because Apple's declaratory judgment claim directly stems from these enforcement efforts, Apple's claim also arises out of Zipit's contacts with California. Since Zipit has the "required minimum contacts with California to make the exercise of personal jurisdiction presumptively reasonable," Zipit must now make a "compelling case" that jurisdiction is unreasonable. *Id*. at 1356.

**B. Whether Personal Jurisdiction is Reasonable and Fair**

The reasonableness inquiry "is not limited to the specific facts giving rise to, or relating to, the particular litigation." *Xilinx*, 848 F.3d at 1355. For the reasonableness inquiry, the burden is on the defendant, who must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King* [*Corporation v. Rudewicz*, 471 U.S. 462, 475–77 (1985)]." *Breckenridge*, 444 F.3d

1356, 1363 (Fed. Cir. 2006). The five factors outlined in *Burger King* include: "(1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Avocent*, 552 F.3d at 1331 (citing *Burger King*, 471 U.S. at 475–77).

First, Zipit argues that it would be burdened by litigating in California because all fourteen of its employees are based in South Carolina and because it "conducts no business in California and has never availed itself of any California court." Def.'s Reply, p.1. Undoubtedly, adjudication in California will create some burden for Zipit because of the distance between California and South Carolina. At the same time, because "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there," Zipit's previous in-person meetings with Apple in California weigh against Zipit's burden in litigating there. *Xilinx,* 848 F.3d at 1357 (quoting *Burger King*, 471 U.S. at 477) (internal quotations omitted).

Apple further argues against Zipit's burden, claiming that Zipit's recent litigation efforts, in various other district courts outside of California, demonstrates that Zipit would not suffer an undue burden to litigate in California. *See* Pl.'s Resp. to Motion, Dkt. No. 24, p. 11. In *Avocent*, the Federal Circuit considered whether it was reasonable that a defendant's litigations "in other fora subject it to specific personal jurisdiction in [the subject forum]." *Avocent,* 552 F.3d at 1339. The Federal Circuit answered this question in the negative, stating that it was "aware of no precedent that holds that the filing of a suit in a particular state subjects that party to specific personal jurisdiction everywhere else." *Id*. Similarly, this Court declines to consider Zipit's litigations in other fora in answering the question of whether specific personal jurisdiction is established in California.

In terms of the remaining factors considered under the reasonableness inquiry, it is established that "California has a substantial interest in protecting its residents from unwarranted

Case No.: 5:20-cv-04448-EJD
ORDER GRANTING MOTION TO DISMISS
6

claims of patent infringement." *Xilinx,* 848 F.3d at 1356 (quoting *Elecs. for Imaging*, 340 F.3d at 1352). Apple, "which is headquartered in California, indisputably has an interest in protecting itself from patent infringement by obtaining relief 'from a nearby federal court' in its home forum." *Xilinx,* 848 F.3d at 1356 (quoting *Breckenridge*, 444 F.3d at 1367–68). Moreover, the judicial system's interest in an efficient resolution would be satisfied by jurisdiction in California, where at least one of the parties is located. *See id*. Finally, neither Apple nor Zipit have asserted any "potential clash of substantive social policies between competing fora." *Levita Magnetics Int'l Corp. v. Attractive Surgical, LLC*, No. 19-CV-04605-JSW, 2020 WL 4580504, at *6 (N.D. Cal. Apr. 1, 2020) (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1300 (Fed. Cir. 2009)); *see also Xilinx,* 848 F.3d at 1356 (quoting *Elecs. for Imaging*, 340 F.3d at 1352) (explaining that "the same body of federal patent law would govern the patent invalidity claim irrespective of the forum"). Ultimately, because the majority of reasonableness factors weigh in favor of adjudicating in California or, at the least, do not weigh significantly in favor of either party, Apple and California's interests are not clearly outweighed by Zipit's. As such, jurisdiction over Zipit in California would not be unreasonable. Nonetheless, the Court's inquiry cannot end here.

      The Federal Circuit has held that "the exercise of personal jurisdiction . . . would be unconstitutional when '[a]ll of the contacts were for the purpose of warning against infringement or negotiating license agreements, and [the defendant] lacked a binding obligation in the forum.'" *Levita*, 2020 WL 4580504, at *6 (quoting *Breckenridge*, 444 F.3d at 1364). Further, "[t]he Federal Circuit's command is clear—without at least some contractual relationship to the forum, an out-of-state defendant in a patent infringement dispute cannot be subject to adjudication there." *Id.* From the facts in the record, all of Zipit's contacts in California, including its in-person meetings, "were for the purpose of warning against infringement" and Apple has failed to demonstrate that Zipit has any "contractual relationship" or any other "binding obligation in the forum." *Levita*, 2020 WL 4580504, at *6 (quoting *Breckenridge*, 444 F.3d at 1364). Because of Zipit's lack of binding obligations tying it to California and because Zipit's contacts with California all related to

Case No.: 5:20-cv-04448-EJD
ORDER GRANTING MOTION TO DISMISS

7

the attempted resolution of the status of the Zipit Patents, the Court finds that specific personal jurisdiction over Zipit would be unreasonable. Accordingly, the Court lacks jurisdiction over Zipit.

## IV. Conclusion

In light of the foregoing, the Court GRANTS Zipit's motion to dismiss for lack of personal jurisdiction and DISMISSES Apple's action against Zipit.

**IT IS SO ORDERED.**

Dated: February 12, 2021

_____
EDWARD J. DAVILA
United States District Judge